In the Matter of Samuel Lang; an Attorney, Respondent.

First Department, June 21, 1940.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Francis I. Howley*, for the respondent.

Per Curiam. The respondent was acquainted with Joseph Brickner and Julius Bernfeld since 1923 and was familiar with the fact that they had been in business as furriers and importers for more than thirty-five years and since 1925 had been incorporated under the name of Brickner & Bernfeld, Inc. He had represented them as attorney on various occasions. In 1936 he was retained by them to organize Frostland Fur Dyeing & Dressing Corporation, a New York corporation. He also negotiated on behalf of said corporation for a lease with the Greenpoint Savings Bank of certain premises in Brooklyn. Said lease was submitted by the bank for execution on behalf of his client, Frostland Fur Dyeing & Dressing Corporation. This lease Joseph Brickner executed, as president of said corporation. Instead of using his own name, however, he signed the lease in the name of Joseph Friedman.

The respondent affixed his signature to the acknowledgment clause of the lease as a notary public, in which he certified that " Joseph Friedman " had appeared before him and duly acknowledged the execution of the instrument. It further appears that Frostland Fur Dyeing & Dressing Corporation occupied the premises and subsequently became in arrears of rent. Efforts to serve the

corporation were unsuccessful owing to the fact that no officer could be found. Service was finally made upon the Secretary of State, judgment taken upon inquest and supplementary proceedings instituted.

The respondent was subpœnaed and examined in said proceedings, in an effort to ascertain the whereabouts of the officers of the corporation incorporated by him as aforesaid. He testified under oath that he recalled the name of the president of the Frostland Fur Dyeing & Dressing Corporation as being Friedman, that he did not know his first name but it commenced with a J; that he did not know Mr. Friedman very long before the incorporation. He further testified that he knew Joseph Friedman, the man who signed as president of the Frostland Fur Dyeing & Dressing Corporation to be known as Joseph Friedman; that he was introduced to him as such, and he executed the lease in that name.

It was only after Joseph Brickner had been located and examined and had admitted that he and Joseph Friedman were the same person that the respondent made a similar admission. In explanation of the foregoing facts and the giving of the aforesaid and other false and misleading testimony under oath in the supplementary proceedings, the respondent claims that the original intention was to conceal from the trade the fact that Brickner & Bernfeld, Inc., had any connection with the Frostland Fur Dyeing & Dressing Corporation; in other words, that they were conducting their own dressing and dyeing establishment in order to process skins imported by them less expensively than could be done by independent establishments. He claims there was no thought of wrongdoing in the use by Mr. Joseph Brickner of the name Joseph Friedman which, to the respondent's knowledge, was Mr. Brickner's mother's maiden name. In further attempted explanation of his false testimony in the supplementary proceedings, the respondent alleges he had been irritated by the refusal of counsel for the plaintiff to grant an adjournment and, therefore, " proceeded to answer certain questions relating to Friedman with a mental reservation."

This effrontery does not aid the respondent's cause. His conduct in the supplementary proceedings is inexcusable and shows a deliberate attempt to exploit the original deception which he alleges was without wrongful intent. He had ample opportunity to correct his testimony but failed to do so.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Respondent disbarred.